United States District Court
Western District of Texas
Del Rio Division

**Lawrence Houston Hobbs**,
   Plaintiff,

v.

**UNITED STATES OF AMERICA AND HONORABLE DEB HAALAND, in Her Official Capacity as the Secretary of the United States, Department of the Interior, Bureau of Land,**
   Defendants.

Case No. 2:22-cv-00026-AM-CW

## Defendants' Unopposed Motion to Transfer Venue

Defendants the United States and Honorable Deb Haaland, in her official capacity as the Secretary of the United States Department of the Interior, move to transfer this case to the San Antonio division pursuant to 28 U.S.C. § 1404(b) and the Order of Magistrate Judge Richard Farrer.

In the District Court for the Western District of Texas, Hobbs filed four related cases: (1) this instant case; (2) *Hobbs v. Stevens*, 2:22-cv-00016-AM-CW; (3) *Hobbs v. Stanley*, 5:22-cv-00342-XR; and (4) *Hobbs v. Kendall*, 5:22-cv-00739-FB-RBF. The first two are pending in the Del Rio Division whereas the other two are pending in the San Antonio division.

The complaints in those cases appear to arise out of the same two incidents: the criminal indictment filed against Hobbs in the state court and the Air Force's termination of Hobbs' employment. Doc. 2; Compl., Doc. 2, *Hobbs v. Kendall*, 5:22-cv-00739-FB-RBF (July 15, 2022); Am. Compl., Doc. 10, *Hobbs v. Stanley*, 5:22-cv-00342-XR (W.D. Tex. June 2, 2022); Compl., Doc. 2, *Hobbs v. Stevens*, 2:22-cv-00016-AM-CW (W.D. Tex. April 1, 2022). As the defendants in those cases, Hobbs named the federal government, agencies, or agents in their individual and official capacities. The undersigned represents all of the defendants.

**Motion to Transfer**            1

## I. Facts underlying the four cases[1]

Hobbs was initially employed with the Bureau of Land Management, which is an agency within the United States Department of the Interior. Ex. 1. He subsequently applied and was hired for a supervisory engineering position with the Air Force ("Air Force"). The AF application asked Hobbs if he had any pending charges against him. Hobbs responded, "No."

Two months after completing the application, Hobbs was cited for disorderly conduct. But he again answered "No," when the AF asked him for the second time whether he had any pending charges for a violation of the law. The AF ultimately discovered the pending charge and removed Hobbs from the position based on his lack of candor. Hobbs then filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against the AF, alleging that AF harassed and discriminated against him based on reprisal, sex, race, and age. The EEOC granted summary judgment in favor of the AF on May 22, 2022.

While Hobbs was proceeding before the EEOC, the State of Texas indicted Hobbs with various criminal charges of credit card abuse in the 63rd Judicial District Court in Del Rio, TX. The indictment alleged that Hobbs used a credit card issued to the United States Department of the Interior without consent of the department. Ex. 2. Hobbs moved to dismiss the indictment, and the 63rd District Attorney's Office decided not to contest the motion. Ex. 2. The state court dismissed the action. Ex. 2. Alleging that the state criminal indictment and the AF's termination violated his constitutional and statutory rights, Hobbs has filed four separate lawsuits against several federal agencies and agents who may or may not have had any role in the AF's employment decision, the EEOC proceedings, and the state criminal prosecution.

## II. Procedural history

In *Hobbs v. Kendall*, the defendants moved to consolidate Hobbs' cases pending in this district. Mot., Doc. 7, *Hobbs v. Kendall*, 5:22-cv-00739-FB-RBF (Sept. 12, 2022). Magistrate Judge Farrer held a hearing on that motion on December 13, 2022, during which Hobbs stated he

---

[1] Because Hobbs' complaints do not make facts clear, Defendant relies on external documents to describe the chronology of events in clarity.

**Motion to Transfer**             2

did not oppose consolidation or transfer of his cases. Subsequently, Judge Farrer issued an Order, directing the undersigned to "file a § 1404(b) motion to transfer in each of the two pending Del Rio cases." Order, Doc. 13 at 3, *Hobbs v. Kendall*, 5:22-cv-00739-FB-RBF (Dec. 15, 2022).

Judge Farrer held that "the parties seem to generally agree that the cases are similar and should be consolidated," and "consolidation in San Antonio appears to be ideal in terms of the parties' convenience and the preservation of judicial resources." *Id.* at 2-3. But "consolidation is not yet procedurally proper" because "a court has no authority to consolidate cases pending in *other* districts or divisions." *Id.* Judge Farrer noted that two of Hobbs' cases were "not before the Court" because they were pending in the Del Rio division. *Id.* at 2. That meant the defendants had to move to transfer those cases to the San Antonio division before the Court may consider consolidating all of Hobbs' cases. Judge Farrer discussed that the undersigned, "it seems, could style those motions as unopposed based on Hobbs's representations at the hearing, although Defendants should inform the Del Rio Court of the basis for so doing." *Id.* at 3. Pursuant to that Order, Defendants move to transfer this case to the San Antonio division.

### III. Analysis

Section 1404(b) states, "[u]pon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." "In choosing whether to exercise the discretion allowed by section 1404(b), the Court will base its decision on the established standard governing section 1404(a) transfers." *Tapia v. Dugger*, No. CIVA SA06-CA-0147-XR, 2006 WL 2620530, *3 (W.D. Tex. Sept. 7, 2006).

Under § 1404(a), "[i]n order to obtain a new federal venue, the statute requires only that the transfer be for the convenience of the parties, in the interest of justice." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (alteration in original) (internal quotation marks omitted). To determine "whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice," the Court examines "the private and public interest

factors first enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)." *Id.* at 315. "[T]hey are not necessarily exhaustive or exclusive [and] none can be said to be of dispositive weight." *Id.* (alteration in original) (internal quotation marks omitted). Here, the factors weigh in favor of transfer.

    **A. The private factors weigh in favor of transfer.**

The Court first considers the private factors. "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (internal quotation marks omitted). The factors here support a transfer.

As to relative ease of access to sources of proof, "[g]enerally, technological advances in copying, storing, and transferring data, have limited the weight to be given the accessibility and location of sources of proof in the § 1404(a) analysis." *Imago Sci. Instrument Corp. v. Chism*, No. 07-CV-00459-XR, 2007 WL 2273877, *4 (W.D. Tex. Aug. 8, 2007). In fact, most "of the documents and physical evidence relating to the [incidents] are located in" the San Antonio division where the undersigned resides because Defendants have been remotely collecting relevant evidence and documents. *Volkswagen,* 545 F.3d at 316. This factor thus weighs in favor of a transfer.

Next, "the Court considers the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order." *Fintiv, Inc. v. Apple Inc.*, No. 6:18-CV-00372-ADA, 2019 WL 4743678, at *5 (W.D. Tex. Sept. 13, 2019). Given the unclarity of Hobbs' complaints, Defendants have identified only party witnesses, all of whom reside outside of Texas. Specifically, Hobbs appears not to reside in Texas, and the undersigned has identified two party witnesses, Stevens and Marc Stanley (a named defendant in another case). Stevens resides in Arizona whereas Stanley resides in Washington D.C. Thus, no division in this district "enjoy[s]

*absolute* subpoena power for both depositions and trial" to secure the attendance of the identified witnesses. *Volkswagen,* 545 F.3d at 316.

Nonetheless, the consolidation of the cases in San Antonio will significantly reduce the cost of attendance for willing witnesses. *See Imago Sci. Instrument*, 2007 WL 2273877, at *5. Access to the San Antonio airport will likely reduce travel time because the identified witnesses are likely to travel by air. Reduced travel time will decrease "the likelihood of meal and lodging expense [and] overnight stays keeping witnesses away from their employment," and allow the Court to avoid "scheduling witnesses at long distances," which, in turn, reduces "difficulty and complexity for the court." *Id.*

As to the last private factors, Judge Farrer noted that "consolidation in San Antonio appears to be ideal in terms of the parties' convenience and the preservation of judicial resources." Order, Doc. 13 at 2-3, *Hobbs v. Kendall*, 5:22-cv-00739-FB-RBF (Dec. 15, 2022). For the reasons shown above, the private factors weigh in favor of a transfer.

**B. The public factors weigh in favor of a transfer.**

Next, the Court considers the public factors. "The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Volkswagen*, 545 F.3d at 314 (alteration in original) (internal quotation marks omitted). They support a transfer.

The factor of the administrative difficulties flowing from court congestion favors a transfer because Judge Farrer expressed an inclination to consolidate the cases in the San Antonio division. *See Imago Sci. Instrument*, 2007 WL 2273877, at *5. Once consolidated, the four cases will proceed as one, which will reduce the district's administrative difficulties from court congestion. The second factor—the local interest in having localized interests decided at home—similarly favors a transfer because although the underlying incidents occurred near Del Rio, the evidence is primarily located in San Antonio. The San Antonio division also has the

interest in adjudicating the issues of consolidation and transfers, as Judge Farrer has already held the hearing on those issues and issued the relevant Order. The last two factors are neutral because "[n]either the [Del Rio] nor the [San Antonio] Division has a greater familiarity with the federal laws and the legal issues presented in this action," and "[t]here are no apparent conflicts of laws issues that would arise by transferring this case to either the [Del Rio] nor the [San Antonio] Division." *Id.* at *6. Based on the analysis above, the public factors weigh in favor of a transfer.

## IV. Conclusion

Because the private and public factors favor a transfer, the Court should transfer this case to the San Antonio division.

Respectfully submitted,

**Jaime Esparza**
United States Attorney

By: *Huiju Jeon*
**Huiju Jeon**
Assistant United States Attorney
New York State Bar No. 5447792
U.S. Attorney's Office
601 NW Loop 410, Ste 600
San Antonio, Texas 78216
(210) 384-7315 (phone)
(210) 384-7312 (fax)
Huiju.jeon@usdoj.gov

**Attorney for Defendants**

## CERTIFICATE OF SERVICE

  I certify that on February 6, 2023, I electronically filed this document with the Clerk of Court using the CM/ECF system. I also served a copy of this document on Plaintiff by certified mail.

           */s/ Huiju Jeon*
           Huiju Jeon